IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01839-OES

JOHN NASIOUS,
    Plaintiff,

v.

CITY AND COUNTY OF DENVER MAYOR JOHN HICKENLOOPER,
DR. PETER CRUM, M.D.,
COMPLETE MEDICAL STAFF JOHN DOE & JANE DOE 1-100,
BETH LINDROOS, M.D., HSA,
DR. HIGGINS,
NURSE ROSIE,
SHERIFF STRONG,
DENVER COUNTY JAIL AND DIRECTOR OF CORRECTIONS UNDER SHERIFF
    FRED OLIVA,
CHIEF FOOS,
JEFF COPP,
EDDIE SANCHEZ, Homeland Security, Immigration and Customs Enforcement,
QWEST COMMUNICATIONS INTERNATIONAL, INC.,
RICHARD BAER, Executive V.P., Chief Legal Officer,
STEWARDS FRANKIE JOHNSON,
STEWARDS DEAN,
STEWARDS HERMAN,
JOHN DOE & JANE DOE CITY & COUNTY KITCHEN STAFF 1-50,
SGT. BROWN,
STATE BOARD OF NURSING,
NANCY SMITH, Ph.D. R.N., Program Director,
DENNIS CLENIN, Complaint Resolution Specialist,
DEPUTY HANLY,
DEPARTMENT OF REGULATORY AGENCIES,
TAMBOR WILLIAMS, Executive Director,
DIVISION OF REGISTRATIONS,
ROSEMARY McCOOL, Director, and
ALL DENVER CITY AND COUNTY SHERIFF DEPARTMENT OFFICERS AND STAFF
    INVOLVED IN THIS ACTION IN THEIR INDIVIDUAL AND OFFICIAL
    CAPACITIES, that are not currently known by name but will be detailed,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV -7 2005

GREGORY C. LANGHAM
              CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff is incarcerated at the Denver County Jail. Plaintiff has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Religious Land Use and Institutionalized Persons Act of 2000 alleging that his rights have been violated. The court must construe the complaint liberally because Plaintiff is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. First, it is not clear who Plaintiff intends to name as Defendants in this action. Plaintiff should list each Defendant on a separate line and include the Defendant's title after his or her name, separated by a comma. Plaintiff also fails to assert clearly which of his claims are asserted pursuant to the various statutes he cites in the complaint. It appears that Plaintiff primarily is asserting claims pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. To the extent he is asserting such constitutional claims, he fails to allege facts that demonstrate how each Defendant personally participated in the asserted violations of his rights. Although he mentions some of the Defendants in connection with his claims, he fails to allege specific facts to demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

2

participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Plaintiff will be ordered to file an amended complaint to clarify who the Defendants in this action are, what his specific claims for relief are, and how each Defendant personally participated in the alleged constitutional violations. Plaintiff also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe

their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Plaintiff has not exhausted administrative remedies with respect to each claim he asserts, as well as all of the issues he raises in support of each claim, the entire complaint must be dismissed.

The copies of the administrative grievances Plaintiff has submitted with his complaint do not demonstrate that he has exhausted administrative remedies for all of the numerous claims and issues he raises. Plaintiff also does not describe with specificity the steps he has taken to exhaust administrative remedies for each of the claims and issues he raises. The action will be dismissed if he fails to do so in the amended complaint. Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Plaintiff, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 7 day of November, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-01839-OES

John Nasious
Prisoner No. 437888
Denver County Jail
10500 Smith Road
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/7/05

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk